UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

KIRSTYN INDGJER,

                    Plaintiff,

      v.

NOYES MEMORIAL HOSPITAL,

                  Defendant

———————————————————————

**ORDER GOVERNING CONFIDENTIAL DISCOVERY MATERIAL**

25-CV-6031 FPG CDH

**WHEREAS**, plaintiff Kirstyn Indgjer ("Plaintiff") and defendant Noyes Memorial Hospital ("Defendant") (collectively the "Parties") agree that discovery in the above-captioned action is likely to involve, among other things, the production or disclosure of certain information that the Parties believe may include confidential and/or proprietary information; and

**WHEREAS**, the Court has considered the parties' respective positions regarding the appropriate terms for an order governing the production of confidential and/or proprietary information and has issued a Decision and Order resolving the parties' disputes thereover (Dkt. 61);

**NOW, THEREFORE, IT IS HEREBY ORDERED**, pursuant to Federal Rules of Civil Procedure 26(c) and 29, that the following Order Governing Confidential Discovery Material (the "Order") shall govern the handling of

confidential and/or proprietary information produced, given, exchanged, or filed by or among the Parties and any non-parties to this action during the proceedings in the above-captioned action.

1.    This Order shall govern the use and disclosure of all "Discovery Materials," as defined below, that are created or produced in connection with the above-captioned action. "Discovery Materials" shall include transcripts of depositions upon oral examination and exhibits thereto; transcripts of depositions upon written questions and exhibits thereto; answers to interrogatories; documents or things produced by any party to any other, whether or not pursuant to a formal request; reports of examining physicians; answers to requests for admission; documents or things produced by any non-party to any party, whether or not pursuant to a subpoena; all information contained in any of the foregoing; and all copies, excerpts or summaries of any of the foregoing.

2.    "Confidential Information" shall mean any trade secret, proprietary business information, or other confidential research, development, or commercial information entitled to protection as now or hereafter interpreted by the courts, attorney work product, and any other confidential information entitled to similar protection under any other law or rule that hereafter becomes applicable to this action.  Confidential Information also shall mean any information of a particularly sensitive nature containing, for example, personnel records, medical information, or pay and benefits information.

2

3.    "Confidential Discovery Material" shall mean any Discovery Materials that contain Confidential Information.

4.    Any party or non-party may designate ("Designating Party") any Discovery Material as Confidential Discovery Material in the following manner:

(a)    Answers to interrogatories; documents or things produced by any party to any other, whether or not pursuant to a formal request; reports of examining physicians; answers to requests for admission; documents or things produced by any non-party to any party, whether or not pursuant to a subpoena; or copies, excerpts or summaries of any of the foregoing, may be designated Confidential Discovery Material either by:  (i) marking, either before or as the document is produced, the word "Confidential" on each page of the document that contains Confidential Information or (ii) if a document is produced and not marked "Confidential," but later determined to be confidential, notifying the other party in writing of the document, such as by identifying the "Bates" number (if such numbers have been placed on that document) of each page of the document that contains Confidential Discovery Material.

(b)    With respect to depositions or other pre-trial testimony: either by a statement on the record, by counsel, at the time of disclosure, or by notifying counsel for all other parties in writing (and either delivered by hand, U.S. mail, or by email upon prior consent) within thirty (30) days after receipt by counsel for the deponent or witness of the transcript of such deposition or other pre-trial testimony.  Counsel for the party-deponent shall affix the legend "Confidential" to the first page and all

3

subsequent pages of the original transcript that contains designated material, and to the first page and all subsequent corresponding pages of all copies of such transcript. Only those portions of each transcript designated as "Confidential" in this action shall be deemed "Confidential" material. All transcripts of depositions or other pre-trial testimony shall be deemed to be "Confidential" until the end of the thirtieth (30) day after their receipt by counsel for the deponent or witness, or until the parties agree that the testimony is not confidential, whichever period is shorter; and

(c)     To the extent that matter stored or recorded in electronic form is produced in such form, the producing party and Parties may designate such material as Confidential Discovery Material by affixing a label on the media or its casing indicating such designation or, where not practical, by cover letter or email referring to such matter.

(d)     The failure to designate Discovery Materials as Confidential Discovery Material shall not be deemed a waiver of confidentiality so long as the Discovery Materials are so designated by no later than the date established by the Court for the cutoff of discovery.

5.     Confidential Discovery Material and all copies thereof shall be used solely for the purpose of this litigation and not for any business or other purpose.

6.     Confidential Discovery Material and all copies thereof:

(a)     Shall be disclosed only to:

i.     the Court;

4

ii. attorneys of record in this action and employees of their respective law firms or legal departments, all of whom shall be bound by this Order;

iii. individual parties to this action who are natural persons;

iv. persons employed by or otherwise affiliated with any of the Parties whose knowledge of the Confidential Discovery Material is necessary in order to enable the party by which the person is employed or with which the person is affiliated to prosecute or defend this action effectively, but only after an attorney of record has explained this Order to each such individual and the individual has executed the form annexed hereto as **EXHIBIT A**;

v. persons not employed by or otherwise affiliated with any of the Parties who are retained by or on behalf of any of the attorneys of record in this action solely to assist them in the preparation of this case for trial (including, but not limited to, independent accountants, statisticians, economists, and other experts), none of whom shall be competitors or employees of competitors of Defendant, but only after each such person has reviewed this Order with the assistance of an attorney of record who has explained this Order to each such individual and the individual has executed the form annexed hereto as **EXHIBIT A**;

vi. witnesses or any other person for case-related purposes, but only after an attorney of record has explained this Order to each such individual and the individual has executed the form annexed hereto as **EXHIBIT A**.

(b) Shall be copied only by attorneys of record, clerical personnel employed by such attorneys or independent copying services engaged by such

attorneys, provided that the attorney engaging the copying service has no reason to believe that the service or any of its employees is likely to disclose or use any Confidential Discovery Material in a way that would violate this Order if the service and its employees were bound by the Order.

(c)    Notwithstanding the foregoing, it is understood that it may be necessary to make disclosures to parties or non-parties of the general content of materials deemed confidential in order to investigate the claims or defenses. Moreover, it may be impractical to require all such individuals to execute nondisclosure documents. Accordingly, the Parties shall work together in good faith to devise appropriate methods by which such disclosures may be made during the course of this litigation and to stipulate appropriate modifications and exceptions to this Order as occasions warrant. In the event the Parties cannot come to terms regarding such disclosure, the party seeking disclosure may object to the designation pursuant to Paragraph 9.

7.    This Order has no effect upon, and shall not apply to, any producing party's use of its own "Confidential" material for any purpose.

8.    The designation of Discovery Materials as Confidential Discovery Material pursuant to Paragraph 4 of this Order shall not constitute a ruling that those materials actually contain Confidential Information.

9.    If a party, or a non-party that produced documents or things or gave a deposition upon oral examination or written questions, concludes that Discovery Materials or portions thereof designated Confidential Discovery Material by any

other party or non-party do not actually include Confidential Information and therefore do not warrant the protection claimed for them under this order, it may so notify all Parties and any concerned non-party in writing and state the basis for its conclusion. Promptly after receipt of such notice, the attorneys for all concerned parties and non-parties shall confer in good faith in order to resolve the objection to the designation of confidentiality. If it is not possible to resolve the objection within fifteen (15) days after service of the notice, then the designated Discovery Materials shall continue to be Confidential Discovery Material under this Order until the objecting party or non-party applies for and receives an Order of this Court rescinding that designation of those materials. A party (individually or through its agent) may disclose Confidential Information that pertains to that party without compliance with the terms of this Order.

10. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document containing information that has been designated by the other party or a non-party as Confidential Information in connection with a motion, brief, or other submission to the Court must take all steps necessary to submit a narrowly tailored motion to seal in compliance with Western District of New York Local Rule of Civil Procedure 5.3 and the Western District of New York's Administrative Procedures Guide for Electronic Filing. The Designating Party will then be required to demonstrate a particularized and specific need as to why the information should be filed under seal.

11.   Under the terms of this Order, no party waives its right to object to any requested discovery or to request more stringent restrictions upon the use and disclosure of certain Discovery Materials than those provided in this Order on the grounds that those discovery materials contain especially sensitive Confidential Information.

12.   The provisions of this Order shall not terminate at the conclusion of this action.  Within ninety (90) days after the conclusion of the above-captioned action, including exhaustion of all appeals and expiration of any time therefore, the receiving party shall, at its cost, either destroy such Confidential Information received during said action, or, if it chooses to maintain such information, destroy such Confidential Information at the end of three years and six months following such conclusion of said action.  The producing party may request the return of all documents containing Confidential Information to the producing party, including all copies of such documents which may have been made, but not including any notes or other attorney work product.  Such information shall be returned to the receiving party upon request for use/defense in any ancillary matter. Notwithstanding the foregoing, it shall not be a violation of this Order for a party to continue to retain Confidential Information the retention of which is required by law or for counsel to retain Confidential Information to adhere to the requirements of its malpractice insurance.

13.   If any party intends to offer in evidence at trial or in any other proceedings in open court any Discovery Materials designated Confidential, it shall serve reasonable advance notice thereof on all other Parties and concerned non-

8

parties, if any, in order to afford the Parties and non-parties the opportunity to bring before the Court the matter of the protection of the confidentiality of those materials or that information.

14. The inadvertent or unintentional disclosure by either party of Confidential Information that was not so designated at the time of disclosure shall not be deemed a waiver in whole or in part of that party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

15. In the event that a producing party discovers that Confidential Information has been inadvertently disclosed, including but not limited to, (i) information or documents which are subject to attorney-client privilege or the work-product doctrine; (ii) information and documents which have been produced in contravention of confidentiality obligations to third parties (which parties refuse to authorize production of said information and documents even under the auspices of this Order); and (iii) other documents mistakenly produced, the producing party shall notify the receiving party within seven (7) business days of discovery of the error. The receiving party shall return all copies of the information or documents to the producing party within ten (10) days of receipt of such notice. The receiving party may retain one (1) copy of the disclosed materials on an attorneys'-eyes-only basis for the purposes of challenging the privilege designation by the producing party. The receiving party shall treat any disputed privileged information as privileged and confidential unless and until the Court rules otherwise. The fact that such privileged

documents are produced, inadvertently or otherwise, shall not be construed as a waiver of any applicable attorney-client and/or work product privilege.

16.    This Order shall continue to be binding after the conclusion of this action, unless otherwise agreed to in writing.

**SO ORDERED.**

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated: Rochester, New York
      July 27, 2026

**EXHIBIT A**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KIRSTYN INDGJER,

Plaintiff,

- vs -

NOYES MEMORIAL HOSPITAL,

Defendant

.

**AGREEMENT GOVERNING
CONFIDENTIAL
DISCOVERY MATERIAL**

**Civil Action No.
25-CV-06031 FPG CDH**

I have read the Order Governing Confidential Discovery Material (the "Order") in the above-captioned matter. I understand its terms and agree to be fully bound by them and hereby submit to the jurisdiction of the United States District Court for the Western District of New York for purposes of enforcement of the Order and this Agreement. I will hold in confidence, and will not disclose to anyone not qualified under the Order, any Confidential Discovery Material (as those terms are defined in the Order) or any words, substance, summaries, abstracts, or indices of Confidential Discovery Material disclosed to me, and I shall use Confidential Discovery Material only for purposes of the above-referenced action and not for any other purpose, including, without limitation, any business, proprietary, commercial, governmental, or litigation purpose.

I will return (or delete) all Confidential Discovery Material and any words, substance, summaries, abstracts or indices thereof, and copies thereof, which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

11

I declare under penalty of perjury that the foregoing is true and correct.


Dated: _____         By: _____

12